FILED

JAN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RALPH COUNTRYMAN,

        Plaintiff - Appellant,

  v.

JAMES BACA; et al.,

        Defendants - Appellees.

No. 10-16314

D.C. No. 3:07-cv-00052-PMP-RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Nevada state prisoner Ralph Countryman appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging denial of the

right to practice his religion in violation of the First Amendment, the Religious

Land Use and Institutionalized Person's Act ("RLUIPA"), and the Equal

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Protection Clause of the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc), and we affirm.

The district court properly granted summary judgment on Countryman's claim under the Free Exercise Clause of the First Amendment because Countryman failed to raise a genuine dispute of material fact as to whether a prison regulation that prohibited inmates from purchasing hardbound books was unreasonably related to legitimate penological interests in security, denied him all religious expression, could be maintained while accommodating his request at de minimis cost, or could be substituted with ready alternatives. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-52 (1987) (no First Amendment violation if inmates unable to attend certain prayer services were free to participate in other religious ceremonies and practices).

The district court properly granted summary judgment on Countryman's claim under RLUIPA because he failed to raise a triable dispute as to whether being denied access to a book to study the Greek New Testament forced him to abandon or violate his beliefs or significantly restricted his ability to engage in other religious activity. *See* 42 U.S.C. § 2000cc-1(a) (no government may impose a "substantial burden" on religious exercise of a person in an institution); *Shakur v.*

*Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (substantial burden pressures inmate to abandon his religious precepts); *Warsoldier v. Woodford*, 418 F.3d 989, 995-96 (9th Cir. 2005) (substantial burden coerces adherent to violate his faith); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004) (substantial burden imposes significant restriction on any exercise of religion).

The district court properly granted summary judgment on Countryman's equal protection claim because he failed to raise a triable dispute as to whether a regulation that applied to all inmates treated him differently from similarly situated inmates with no rational basis or discriminated against him based on his religion. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (standard for equal protection claim based on being treated differently from those similarly situated); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (standard for equal protection claim based on membership in protected class).

Countryman's remaining contentions are unpersuasive.

**AFFIRMED**.